**SUPERIOR CONCRETE ACCESSORIES,
INC., Appellant,**

v.

**RICHMOND SCREW ANCHOR CO.,**
Inc., Appellee.

No. 18281.

United States Court of Appeals
Eighth Circuit.

Nov. 29, 1966.

Norman H. Gerlach, Chicago, Ill., for appellant and Reed & Reed, St. Joseph, Mo., were with him on the briefs.

Alan K. Roberts, New York City, for appellee and Hovey, Schmidt, Johnson & Hovey, Kansas City, Mo., were with him on the brief.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, Superior Concrete Accessories, Inc., (Superior), has taken this timely appeal from judgment determining that Patent No. 2,985,937 is invalid. Superior as owner of Patents No. 2,985,936, referred to as the '6 patent, and No. 2,985,937, referred to as the '7 patent, brought this action under the patent laws of the United States against defendant, Richmond Screw Anchor Co., Inc., (Richmond), seeking an injunction against the infringement of such patents and damages for infringement. Defendant by answer denied infringement and asserted both patents were invalid.

The trial court, in an opinion reported at 246 F.Supp. 104, held the '6 patent valid and infringed and held the '7 patent invalid upon the ground of double patenting. The court determined that two separate patentable inventions did not exist, stating:

"Considering the validity of the '6 patent as we have determined, the changing of the bight on one end thereof from a 90° angle to a 45° angle through which a bolt was placed, was not an invention, but was merely the result of mechanical skill and was not patentable over the prior art as shown in the '6 patent. There was no reason why the applicant could not have included all of his specifications and claims in one application and in one patent.

\* \* \* \* \* \*

"We think only one patent concept was present and that plaintiff was entitled to but one invention. It is our conclusion therefore, that insofar as the 90°–45° bight is concerned, the '7 patent is invalid." 246 F.Supp. 104, 115–116.

The basic issue presented by this appeal is the validity of the '7 patent. We affirm the trial court's determination that the '7 patent is invalid but base our affirmance upon the broad ground that the 35 U.S.C.A. § 103 requirement of nonobviousness of the subject matter sought to be patented over the prior art has not been met.

Since the trial court decided this case, the Supreme Court has considered and

354

restated the principles applicable to patentability. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545; United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572. We have had occasion to apply Graham to a number of pertinent cases. Judge Blackmun's opinion in L & A Products, Inc. v. Britt Tech Corp., 8 Cir., 365 F.2d 83, contains citations of our post-Graham patent cases and an excellent analysis of the Graham decision, including pertinent quotations therefrom, as well as some of our recent cases. It would be useless to again cover such ground in detail.

In all of our post-Graham cases, we reach the conclusion that the devices upon which the patents were granted failed to meet the nonobviousness test of 35 U.S. C.A. § 103. In some of the cases, we affirm trial court judgments finding the patent invalid and in others we reverse the trial court's determination of the validity upon the basis that the advancement over prior art should have been obvious to a person having ordinary skill in the pertinent field. In many of our decided cases, the nonobviousness test is far more difficult to apply than it is in the present case.

The trial court has meticulously described the device upon which the patents are claimed, the claims, and the prior art, and has incorporated in its opinion photographs and diagrams which materially aid in understanding the problems here presented. We cannot improve upon the descriptions and adopt them by reference.

Briefly stated, the devices involved in the two patents claimed are used for suspending from I-beams forms upon which concrete bridge floors are poured. The '6 patent is called "Hanger Assembly for Suspended Concrete Forms" and the '7 patent is called "Outside Hanger Assembly for Suspended Concrete Forms." Each device consists of three parts, a horizontally extending steel tie rod at the opposite ends of which are U-shaped suspension devices through which bolts are placed to hold up the forms. At the lower edge of the devices are saw-like teeth designed to prevent slippage on the I-beam. The principal difference between the two patents is that in the '6 device both suspension devices place the bolt which holds the forms at a 90° angle, while in the '7 patent the inner device places the bolt at a 90° angle while the outer device permits the bolt to be placed at a 45° angle in order to hold a form for a skirt or addition to the outer edge of the structure.

The patent is a mechanical patent. All of the elements and mechanical principles applied are old. Each element performs its expected function. The field of concrete forms and related accessories is a crowded field. See Richmond Screw Anchor Co. v. Umbach, 7 Cir., 173 F.2d 521.

Prior to the filing of the patent application, devices were in use which adequately suspended forms from I-beams. Superior's devices here involved are simpler and more economical than previously existing devices. However, when the principle of nonobviousness is applied to the '7 patent, the inescapable result is that the improvement claimed should be obvious to a person having ordinary skill in the pertinent art. The trial court found the advance from the '6 patent to the '7 patent was obvious. We have no difficulty in going a step farther and holding that the advance of the '7 patent over the art existing prior to the '6 patent should be obvious to a person having ordinary skill in the field here involved. Such determination makes it unnecessary for us to delve in the more uncertain field of double patenting and its consequences. The infringement issue requires no consideration as there can be no infringement of an invalid patent.

To avoid confusion, we should specifically point out that there is no appeal before us on the trial court's determination that the '6 patent is valid and infringed. Hence, we are without jurisdiction to adjudicate such issue. We have notice of cross-appeal on the court's determination that the '6 patent was valid and infringed but it is agreed by the parties

that Richmond voluntarily withdrew and abandoned such appeal.

The judgment of the trial court holding Patent No. 2,985,937 invalid is affirmed.